IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHAWN WILLIAMS,                                 Civil No. 01-812-AA
                                                OPINION AND ORDER

        Petitioner,

   vs.

GUY HALL,

        Respondent.

Kristina Hellman
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204
    Attorney for petitioner

John Kroger
Attorney General
Lester Huntsinger
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97301-4096
    Attorneys for respondent

Page 1 - OPINION AND ORDER

AIKEN, Judge:

Respondent initially filed and then withdrew a motion to stay the proceedings and remand to state court. That motion is withdrawn. Petitioner moves for an evidentiary hearing. Petitioner's request is granted.

## BACKGROUND

Petitioner challenges his 1992 Multnomah County convictions and sentences for Murder and Attempted Murder. Petitioner's Second Amended Petition for Writ of Habeas Corpus filed pursuant to § 2254 raises three claims. First, trial counsel was ineffective under Batson v. Kentucky, 476 U.S. 79 (1986), for failing to object to the prosecutor's peremptory challenge of "the only remaining African-American member of the jury" (Batson claim). Second, counsel was ineffective for "fail[ing] to move for change of venue after extensive pretrial publicity" (venue claim). Third, trial court erred in imposing upward departure and consecutive sentences based on judicial fact-finding.

The Batson and venue claims were raised in petitioner's pro se Petition for Post Conviction Relief. The respondent's motion to strike those claims, as well as others, was granted by the court. Although eventually represented by counsel, petitioner chose not to file an amended petition. On the day of trial, petitioner's counsel moved orally to amend the petition to include those claims, but the motion was denied as untimely. The

Page 2 - OPINION AND ORDER

case went to trial on the remaining claim in the pro se Petition. The first and second claims were not issues at trial; therefore, no evidence was admitted concerning them. The trial court denied relief, and the Oregon appellant courts affirmed the judgment.

This court previously found that petitioner's Batson and venue claims were not procedurally defaulted. Both parties initially agreed that there was no adjudication on the merits of the three claims[1] and that additional discovery would be necessary before the court can rule on the merits of petitioner's ineffectiveness claims.

## DISCUSSION

Respondent concedes that an evidentiary hearing is necessary on petitioner's second ineffectiveness claim for failing to move for a change of venue. Respondent, however, objects to an evidentiary hearing on petitioner's first ineffectiveness claim for failing to object under Batson to the exercise of a peremptory challenge.

Petitioner's first claim in his Second Amended Petition states:

> The State's exercise of a peremptory challenge to strike the only remaining African-American member of the jury was in violation of [Batson]. Mr. Williams was denied effective assistance of counsel in violation of the [Sixth Amendment] when trial counsel failed

---

[1] Petitioner's third claim, that the trial court erred in 1992 by imposing departure and consecutive sentences based on judicial fact-finding, is withdrawn and will not be addressed.

Page 3 - OPINION AND ORDER

>        to object to this discriminatory use of the
>        peremptory challenge.
>
>            By way of support facts, the record establishes
>        that the prosecutor used a peremptory challenge to
>        excuse the sole remaining African-American juror.
>        The prosecutor's exercise of a peremptory challenge
>        to remove the only African-American jury member was
>        racially discriminatory and violated Mr. Williams'
>        constitutional rights.  Mr. Williams' trial attorney
>        failed to object to the prosecutor's exercise of a
>        peremptory challenge to excuse the only remaining
>        African-American juror.  An all-white jury was
>        impaneled, and Mr. Williams was convicted of all
>        charges.

Id.

The Ninth Circuit addressed the issue of when a petitioner is entitled to an evidentiary hearing under the standards set forth in the AEDPA.  Insyxiengmay v. Morgan, 403 F.3d 657 (9th Cir. 2005).  An evidentiary hearing is required when a petitioner: (1) "show[s] that he has not failed to develop the factual basis of the claim in the state courts;" (2) "meet[s] one of the Townsend factors;" and (3) "make[s] colorable allegations that, if proved at an evidentiary hearing, would entitled him to habeas relief."  Id. at 670.

Respondent concedes elements one and two, specifically stating that petitioner is able to satisfy "at least one" of the Townsend factors.[2]  Respondent, however, contends that

---

[2] The Supreme Court established six circumstances in which a petitioner was entitled to an evidentiary hearing in federal court, as follows: (1) the merits of a factual dispute were not resolved at the state hearing; (2) the state factual determination is not failure supported by the record as a whole;

Page 4 - OPINION AND ORDER

petitioner's Batson challenge is not colorable. A claim is considered "colorable" if the petitioner "has alleged specific facts that, if true, would entitle him to relief." Tilcock v. Budge, 538 F.3d 1138, 1145-46 (9th Cir. 2008). Moreover, the standard for establishing a "colorable claim" is a "low bar." Earp v. Ornoski, 431 F.3d 1158, 1170 (9th Cir. 2005). Petitioner's "colorable claims" and the "specific facts that, if true, would entitle him to relief" are adequately presented in petitioner's Memorandum in Support, p. 22-31. Given the standards at bar, and petitioner's allegations supporting his Batson claim, I find that an evidentiary hearing on this issue is appropriate and justified.

## CONCLUSION

Respondent's motion to stay the proceedings and remand to state court (doc. 125) is withdrawn. Petitioner's request for an evidentiary hearing on grounds one and two of his ineffectiveness

///

///

///

///

---

(3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) material facts were not adequately developed at the state hearing; or (6) for any reason it appears that the state tier of fact did not afford the habeas applicant a full and fair fact hearing. Townsend v. Sain, 372 U.S. 293, 313 (1963), overruled in part.

Page 5 - OPINION AND ORDER

claim is granted.

IT IS SO ORDERED.

        Dated this __12__ day of June 2009.


                                                __/s/ Ann Aiken__
                                                     Ann Aiken
                                     United States District Judge